# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3891-24

IN THE MATTER OF
THE COMMITMENT OF M.G.B.[1]

_____

Submitted June 1, 2026 – Decided June 16, 2026

Before Judges Sabatino and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Indictment No. 14-01-0006.

Jennifer N. Sellitti, Public Defender, attorney for appellant M.G.B. (Ruth E. Hunter, Designated Counsel, on the brief).

Daniel M. Perez, Sussex County Prosecutor, attorney for respondent State of New Jersey (Shaina Brenner, Deputy First Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

---

[1] Initials are used pursuant to Rule 1:38-3(a)(2) to protect the confidentiality of appellant's mental health diagnoses. See also N.J.S.A. 30:4-24.3.

Appellant M.G.B., an involuntarily committed person, appeals from the denial of her motion to have the judge presiding over her ongoing Krol[2] hearings ("the motion judge") recuse himself from her case. More specifically, appellant contends that the motion judge applied the incorrect standard in denying her motion for his recusal. She further argues that the judge erred in determining that his continued involvement in her case would not create an "appearance of impropriety," given his prior service on the foundation board of a hospital against which she had filed a tort claim years before. Having considered appellant's arguments in light of the applicable law, we affirm the motion judge's decision.

The background pertinent to appellant's appeal may be concisely stated as follows. On January 9, 2014, appellant was charged by a Sussex County Grand Jury with first-degree murder (N.J.S.A. 2C:11-3(a)) and other related weapons offenses (N.J.S.A. 2C:39-4(d); N.J.S.A. 2C:39-5(d)). Approximately two years later, appellant was found to be not guilty by reason of insanity on November

---

[2] See State v. Krol, 68 N.J. 236, 255-56 (1975).

A-3891-24

12, 2015. She was subsequently placed on Krol review status, pursuant to N.J.S.A. 2C:4-8.[3]

Over the course of the ensuing decade, appellant appeared for periodic Krol review hearings before a series of different judges, and her continued commitment was repeatedly ordered. At one such hearing held before the motion judge on June 4, 2025, appellant's counsel, acting sua sponte without formal notice and briefing, moved for the judge to recuse himself from appellant's case, stating:

> My understanding is that in 2022, [appellant] had filed a tort claim. And in that tort claim, it was named against one of the parties of [the hospital]. It was brought to my attention that at that time, Your Honor had a role as the [hospital]'s board chairman and held the position as it relates to that [hospital].

In responding to counsel's assertions, the motion judge notified appellant and her counsel as to the following facts and circumstances:

> Okay. So first of all, I was never on the governing board for [the hospital]. Ever. I was never the chairman of any board at [the hospital]. I was on the foundation board, which is a separate corporation

---

[3] A criminal defendant acquitted by reason of insanity may be involuntarily committed or conditionally released under judicial supervision, with periodic hearings ("Krol hearings") to determine whether continued commitment or supervision is warranted, based on the defendant's mental illness and risk of danger to self or others. See Krol, 68 N.J. at 255-56; see also In re commitment of M.M., 377 N.J. Super. 71, 76 (App. Div. 2005).

A-3891-24

from the hospital. I was never the chairman of the foundation board. I think I might have been the secretary.

I resigned from that board effective when I became a judge in 2014. And I have had no dealings with the hospital as a board member or any type of governance or fund-raising since 2014.

The governing board that used to govern the [hospital] transitioned to an advisory board when [the hospital] merged with [a different hospital] sometime, I think, around 2011 or 2012. So even that governing board lost its governance powers when it became an advisory board and the [new hospital's] board now oversees the medical center.

So under those facts and circumstances, I don't see anything that would suggest to a reasonable person who is fully aware of all of those facts that anything would cause me to need to recuse myself, or that a reasonable person would think that I would not be able to be fair and impartial when dealing with [appellant].

I have no idea whatsoever about the underlying facts that are involved in some tort claim notice that she had – that she filed. And I hadn't been involved with the hospital at that point for at least eight years.

[(Emphasis added).]

After appellant's counsel confirmed at the hearing that she was nevertheless making a formal application for the motion judge to recuse himself from her client's case, the judge denied the application for the reasons he had previously articulated. A corresponding order denying appellant's recusal

4

motion was issued the following day, June 5, 2025, and an appeal of that order was filed with this court the next month on August 7, 2025.

Well-established principles and governing law guide our decision-making in the present matter. "Generally, recusal motions are 'entrusted to the sound discretion of the judge and are subject to review for abuse of discretion.'" Goldfarb v. Solimine, 460 N.J. Super. 22, 30 (App. Div. 2019), aff'd as modified and remanded on other grounds, 245 N.J. 326 (2021) (quoting State v. McCabe, 201 N.J. 34, 45 (2010)). "A judge shall act at all times in a manner that promotes public confidence in the independence, integrity and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety." Code of Jud. Conduct canon 2.1. (Emphasis added).

> With regard to the judicial conduct of a judge, an appearance of impropriety is created when a reasonable, fully informed person observing the judge's conduct would have doubts about the judge's impartiality.
>
> With regard to the personal conduct of a judge, an appearance of impropriety is created when an individual who observes the judge's personal conduct has a reasonable basis to doubt the judge's integrity and impartiality.
>
> [Code of Jud. Conduct r. 2.1 cmt. 3 (emphasis added); see also DeNike v. Cupo, 196 N.J. 502, 517 (2008).]

A-3891-24

While judges are required to recuse themselves for any reason "which might preclude a fair and unbiased hearing and judgment" of a party's case, R. 1:12-1(g), "[i]t is improper for a judge to withdraw from a case upon a mere suggestion that [he or she] is disqualified 'unless the alleged cause of recusal is known by [the judge] to exist or is shown to be true in fact.'" Panitch v. Panitch, 339 N.J. Super. 63, 66-67 (App. Div. 2001) (quoting Hundred E. Credit Corp. v. Eric Shuster Corp., 212 N.J. Super. 350, 358 (App. Div. 1986)) (emphasis added).

Whether a trial judge applied the proper legal standard in a recusal case is a matter to be reviewed on appeal de novo. See Goldfarb, 460 N.J. Super. at 30. Applying such de novo review to appellant's arguments on appeal, we are satisfied that the motion judge applied the correct appearance of impropriety standard here.

In his oral decision denying appellant's motion for recusal, the motion judge explicitly considered whether a "reasonably, fully informed person" standing in observation of his conduct would harbor legitimate "doubts about [his] impartiality," as the standard for assessing the appearance of impropriety so requires. Ibid.; see also Code of Jud. Conduct canon 2.1. While the judge did not elaborate upon the conclusion exhaustively, the judge sufficiently set out

6

his reasons for concluding that his continued involvement in appellant's case would not be improper.

The motion judge noted that he had served only as secretary of the foundation board of the hospital, a corporation apparently separate from the hospital's governing board, which itself was no longer the hospital's principal authority at the time that appellant filed her tort claim. He also emphasized that he had resigned from the foundation board in 2014 upon his judicial appointment—eight years before appellant's claim was even filed—and that he had a complete lack of knowledge regarding the factual circumstances underlying appellant's tort claim. Consequently, the "cause of recusal" alleged by appellant was neither known to the judge at the time of the Krol hearing on June 4, 2025, nor were many of the underlying facts asserted by appellant's counsel shown to be true or completely accurate. Panitch, 339 N.J. Super. at 66-67.

Given this factual background, the motion judge's conclusion that "no reasonable person would infer that [he could not] be fair and impartial" in continuing to preside over appellant's periodic Krol review hearings does not constitute an abuse of discretion. The judge's limited service on a seemingly vestigial board of a hospital nearly a decade before appellant filed an unspecified

7

tort claim against that same hospital does not so clearly create any appearance of impropriety as to require the motion judge's recusal from appellant's case either then or in a future hearing. See Goldfarb, 460 N.J. Super. at 30; see also Amato v. Twp. of Ocean Sch. Dist., 480 N.J. Super. 239, 245 (App. Div. 2024).

In sum, the motion judge reasonably denied appellant's motion for recusal under the applicable standards. We therefore affirm the denial of appellant's motion and the court's merits determination continuing appellant's confinement.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-3891-24